
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ILLA RODGERS, | § | |
|     Plaintiff, | § | |
| v. | § | No. 3:15-CV-3128-B |
| DALLAS COUNTY SCHOOLS, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred Defendant's Motion for Summary Judgment [ECF No. 38] to the United States Magistrate Judge for recommendation or determination. *See* Order Referring Mot. 1, ECF No. 39. For the following reasons, the undersigned respectfully recommends that Defendant's motion be **GRANTED**.

## Background

Plaintiff Illa Rodgers brings this suit against Defendant Dallas County Schools ("DCS") for: (1) discrimination under Title VII of the Civil Rights Act, Compl. 6-7 ¶¶ 26-29, ECF No. 1; (2) retaliation under the same statute, *id.* at 7-8 ¶¶ 30-33; and (3) discrimination and retaliation under the Texas Labor Code, *id.* at 8 ¶¶ 34-36. Plaintiff is a former employee of DCS as a bus driver. *Id.* at 2 ¶ 7. Plaintiff alleges DCS discriminated and retaliated against her for multiple complaints she filed for various acts of alleged sexual harassment. Plaintiff alleges Demond Sumlin, a co-worker, sexually harassed her in June of 2014. *Id.* at 2-3 ¶¶ 8-9. Plaintiff alleges she reported this incident to her supervisor Raymond Foresburg. *Id.* at 3 ¶ 10. On December 4, 2014, a co-worker told Plaintiff that Mr. Sumlin was spreading a rumor about her being fired for having sexual relations with another employee. *Id.* at ¶ 12. Plaintiff reported the incident to Mike Williams, the Director of the North Dallas Service Center, and Bruce Davis, her immediate supervisor. *Id.* at ¶ 12. Mr. Davis investigated the incident and held a grievance hearing. Def.'s Br.

1

in Supp. (hereafter "Def.'s Mot.") 3, ECF No. 38-3. At the hearing Plaintiff and Mr. Sumlin discussed the allegation and appeared to resolve the matter. *Id.* Defendant asserts that DCS informed Plaintiff of her right to appeal the result of the hearing. *Id.* Plaintiff did not file an appeal or notify Mr. Davis of any other problems with Mr. Sumlin. *Id.* Plaintiff alleges in December 2014 she requested a transfer to avoid interacting with Mr. Sumlin, but DCS denied the transfer. Compl. 3 ¶ 13, ECF No. 1. In mid-February of 2015, Plaintiff contacted Dale Kaiser, the employee relations manager for DCS human resources, stating she was not satisfied with the result of the December 2014 hearing with Mr. Davis. Def.'s Mot. 3, ECF No. 38-3; Def.'s App. Ex. D, 15 ¶¶ 2, 7, ECF No. 38-5. Mr. Kaiser then instituted a full investigation which included interviewing thirteen witnesses and watching surveillance video footage. Def.'s Mot. 3, 10, ECF No. 38-3. Plaintiff told Mr. Kaiser that she felt satisfied with the results and recommendation of his investigation. Def.'s App. Ex. D 17 ¶ 16, ECF No. 38-5. Plaintiff made no other complaints concerning Mr. Sumlin. Def.'s Mot. 4, ECF No. 38-3.

Plaintiff also alleges on January 8, 2015, after the meeting with Mr. Sumlin and Mr. Davis, Plaintiff filed a complaint with the Texas Workforce Commission ("TWC"). *Id.* at 5 ¶ 18. Plaintiff asserts that upon filing her complaint with the TWC she was "consistently harassed with false disciplinary reports." *Id.* at 5 ¶ 20. In July of 2015, Mr. Davis requested Plaintiff take a required physical exam. Compl. 5 ¶ 21, ECF No. 1. Plaintiff contends that her next required physical exam was not until July of 2016. *Id.* On July 13, 2016, Plaintiff reported to the physical exam, but failed due to high blood pressure. *Id.* at ¶ 22. DCS subsequently fired Plaintiff. *Id.* Plaintiff alleges Mr. Davis fired her not because of the results of her physical exam, but because of her complaints about sexual harassment. *Id.* at 6 ¶¶ 23-25. Plaintiff alleges DCS denied her the opportunity to work in other jobs within DCS that did not require a physical exam. *Id.*

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). FED. R. CIV. P. 56(c); Def.'s Mot. 1, ECF No. 38-3. Defendant filed its Motion for Summary Judgment on January 17, 2017. *See* Docket. The local civil rules require that a response be filed within twenty one days of an opposed motion being filed. LOC. CIV. R. 7.1(e). That would place the deadline for Plaintiff's response on or about February 7, 2017. *See id.* The deadline has long since passed, and Plaintiff has not filed her response. *See* Docket. Although Plaintiff's failure "to respond does not permit entry of a 'default' summary judgment, the court is permitted to accept the movant's evidence as undisputed." *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)). The Court therefore considers Defendant's motion without the benefit of a response. This motion is ripe for determination.

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The movant's burden can be satisfied by showing the court that there is an absence of evidence to support the nonmoving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). All evidence must be viewed in the light most favorable to the party opposing the summary judgment

motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). However, while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *See Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-CV-1174-M (BH), 2012 WL 2679496, at *3 (N.D.Tex. June 6, 2012) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D.Tex. 1990); *Adams v. Travelers Indent. Co.*, 465 F.3d 156, 164 (5th Cir. 2006); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

## Analysis

### Discrimination under Title VII[1]

Plaintiff alleges that DCS "committed an unlawful employment practice in violation of Title VII by subjecting her to unlawful sexual harassment." Compl. 6 ¶ 27, ECF No. 1. Plaintiff asserts this unlawful sexual harassment created a hostile and abusive work environment. *Id.* Plaintiff alleges DCS knew about the unlawful sexual harassment and failed to investigate or take prompt remedial action. *Id.* at 6-7 ¶ 27. Defendant contends that upon receiving Plaintiff's complaints it took the appropriate remedial action and ended all of the alleged conduct. Def.'s Mot. 8, 11, ECF No. 38-3.

"To establish a hostile work environment claim, [Rodgers] must demonstrate that: (1) she is member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a 'term, condition, or privilege' of Plaintiff's employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434

---

[1] *See* 42 U.S.C.A. § 2000e-2(a).

(5th Cir. 2005) (citation omitted). Defendant does not contest that Plaintiff meets the first three elements of a hostile work environment claim, but disputes elements four and five. Def.'s Mot. 8, ECF No. 38-3. Defendant argues there is no evidence that Plaintiff's alleged harassment affected "a term, condition, or privilege of Plaintiff's employment." *Id.* Defendant's motion focuses on its argument that it took prompt remedial action. *Id.* at 8-11. Therefore, the Court will first look to if Plaintiff presents sufficient summary judgment evidence of this element.

"When a company, once informed of allegations of sexual harassment, takes prompt remedial action to protect the claimant, the company may avoid Title VII liability." *Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 402 (5th Cir. 1993). "Determining whether an employer's response to discriminatory conduct is sufficient depends on the particular facts of the case, such as the remedial steps taken and the harassment's severity." *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, No. SA-11-CA-01101-OLG (HJB), 2012 WL 12872411, at *5 (W.D.Tex. Dec. 14, 2012), *R. & R adopted*, 560 F. App'x 328 (5th Cir. 2014) (citing *Harvill*, 433 F.3d at 437). "The plaintiff bears the burden of showing that his employer failed to take effective action." *Id.* (quoting *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606, 616 (5th Cir. 1999)).

Plaintiff does not provide sufficient evidence that DCS failed to take remedial action after her complaints. The summary judgment evidence establishes that DCS took prompt action upon each complaint from Plaintiff. As Defendant has shown, in each instance of alleged harassment, Defendant took action and these actions ended the alleged harassment. *See* Def.'s App. Ex. A. 3 ¶ 5, Ex. B 7 ¶¶ 7-8, Ex. D 17 ¶ 16, ECF No. 38-5. Plaintiff has not produced sufficient evidence to create a genuine issue of material dispute as to whether DCS knew about the alleged harassment and failed to take prompt, remedial action. *See Hague*, 2012 WL 12872411, at *5; *Skidmore*, 188

F.3d at 616.[2] While the Court liberally construes filings made by *pro se* litigants, the Court is not obligated under Rule 56 to search the record for evidence supporting a party's opposition to a summary judgment motion. *Franklin*, 2012 WL 2679496, at *3. As the nonmovant, Plaintiff fails to show that summary judgment is not proper on this clam. Since Plaintiff does not provide sufficient evidence of an essential element for which she will have the burden of proof at trial, the Court need not decide the other elements under Plaintiff's hostile work environment claim. Therefore, the district court should grant summary judgment on Plaintiff's discrimination claim.

## Retaliation Under Title VII[3]

"To prevail on a retaliation claim under Title VII, the plaintiff bears the burden of establishing a prima facie case by proving 1) that she engaged in a protected activity; 2) that an adverse action was committed against her; and 3) that there was a causal nexus between the protected activity and the adverse action." *Washington v. DART*, No. 3:09-CV-1178-B, 2010 WL 5393515, at *5 (N.D.Tex. Dec. 29, 2010) (Boyle, J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)); *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001). "Once the plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to demonstrate a legitimate, non-retaliatory reason for the adverse action." *Id.* (citing *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "If the defendant successfully meets this burden, the presumption of a prima facie case is rebutted and the plaintiff must then establish, by a preponderance of the evidence, either that the employer's articulated reason is a pretext for retaliation, or that the employer's reason, while true, 'is but one of the reasons for its conduct, another of which was discrimination.'" *Id.* (citing *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d

---

[2] *See also Harvill*, 433 F.3d at 439 ("Harvill has not raised a genuine issue of fact on the prompt remedial action element of her prima facie hostile work environment claim; therefore, we affirm the district court's grant of summary judgment for Westward.").
[3] *See* 42 U.S.C.A. § 2000e-3(a).

6

327, 322-323 (5th Cir. 2005). "If the employee proves that discrimination was one of multiple motivating factors in the employment decision, the burden shifts to the employer to prove it would have taken the same action despite the discriminatory animus." *Id.* (internal quotation marks and citation omitted).

Defendant argues that Plaintiff cannot prove the second element of a retaliation claim—that an adverse employment action occurred. Def.'s Mot. 12, ECF No. 38-3. In July of 2015, Mr. Davis requested Plaintiff take a required physical exam. Compl. 5 ¶ 21, ECF No. 1. Plaintiff failed the exam due to high blood pressure. *Id.* at ¶ 22. Plaintiff alleges that it was because of her complaints about sexual harassment, not her failed physical exam, that DCS denied her other employment. *Id.* at 6 ¶¶ 22-25. Defendant asserts that "for over six months DCS reached out to Plaintiff in effort to place her in an alternative position" but Plaintiff requested DCS not to contact her. Def.'s Mot. 12, ECF No. 38-3. Defendant also relies on Texas Transportation Code § 521.022(c)[4] which requires that all school bus drivers must submit to and pass an annual medical examination. *Id.* Defendant asserts that it offered Plaintiff alternative employment as a bus monitor and she refused. *Id.* at 13.

Plaintiff does not state a prima facie case for retaliation.[5] Defendant has offered summary judgment evidence that DCS had a legitimate, non-retaliatory reason for the adverse employment action under § 521.022(c). *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Plaintiff could not, by law, operate a school bus until she passed the required medical examination.

---

[4] "A person may not operate a school bus for the transportation of students unless the person meets the mental and physical capability requirements the department establishes by rule and has passed an examination approved by the department to determine the person's mental and physical capabilities to operate a school bus safely. . . . Each school bus operator must pass the examination annually." TEX. TRANSP. CODE § 521.022(c).
[5] Even assuming that Plaintiff did meet the first element of a retaliation claim—that she engaged in a protected activity—Plaintiff's claim does not survive summary judgment.

7

Since Defendant has made this showing, the burden shifts back to Plaintiff to show that this reason is a mere pretext for retaliation. However, Plaintiff failed to file a response. Again, the Court is not obligated under Rule 56 to search the record for evidence of a party's opposition to a summary judgment motion. Plaintiff fails to rebut Defendant's non-retaliatory reason. Plaintiff offers only her own subjective beliefs as evidence of retaliation. Plaintiff's only evidence of retaliation is the inference of discrimination from her filing of complaints against Mr. Sumlin. The overwhelming evidence establishes that DCS fired Plaintiff for her failure to pass her medical examination regardless of her complaints. *See* Def.'s App. Ex. D1 22, ECF No. 38-5. Plaintiff also rejected opportunities for other employment within DCS and did not submit a second medical examination. *Id.* Plaintiff has failed to allege evidence that "but for the protected activity, the adverse employment action would not have occurred." *See Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999). The Court need not consider whether Rodgers established a causal link between the protected activity and the alleged adverse employment decision. Accordingly, the district court should grant Defendant's Motion for Summary Judgment on this claim.

## Texas Labor Code Chapter 21

The purpose of Texas Labor Code Chapter 21 is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LAB. CODE § 21.001(1). "Chapter Twenty-One of the Texas Labor Code makes it unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, national origin, or age." *Muniz v. El Paso Marriott*, 773 F. Supp. 2d 674, 678 (W.D.Tex. 2011), *aff'd sub nom. Muniz v. Columbia Sussex Corp.*, 477 F. App'x 189 (5th Cir. 2012) (citing TEX. LAB. CODE § 21.051). "Sexual harassment is a form of sex discrimination prohibited by the Labor Code." *Id.* (citation

omitted). The Labor Code also "makes it unlawful for an employer to retaliate against a person who makes or files a charge or files a complaint." *Id.* at 681 (citing TEX. LAB. CODE § 21.055).

Plaintiff alleges that "[t]he discrimination and retaliation alleged in Counts One and Two above also constitute willful, knowing, and intentional violations of the Chapter 21 of the Texas Labor Code." Compl. 8 ¶ 35, ECF No. 1. Plaintiff also requests for compensatory and punitive damages under the Texas Labor Code. *Id.* at ¶ 36.[6]

As shown above, Plaintiff fails to allege or produce sufficient summary judgment evidence of her hostile work environment, discrimination, or retaliation claims. The Texas Labor Code is merely a vehicle with which a plaintiff may bring a Title VII action under Texas state law. *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 n.10 (5th Cir. 2001) (claims brought pursuant to Chapter 21 of the Texas Labor Code are analyzed pursuant to Title VII framework). Accordingly, the district court should grant summary judgment on Plaintiff's claims under the Texas Labor Code.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that the district court **GRANT** Defendant's Motion for Summary Judgment [ECF No. 38] and dismiss this case with prejudice.

**SO RECOMMENDED**, this ___ day of March, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[6] *See* TEX. LAB. CODE § 21.2585 ("(a) On finding that a respondent engaged in an unlawful intentional employment practice as alleged in a complaint, a court may, as provided by this section, award: (1) compensatory damages; and (2) punitive damages.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).